GREGORY C. CHENG, State Bar No. 226865
gregory.cheng@ogletreedeakins.com
RACHEL J. MOROSKI, State Bar No. 286805
rachel.moroski@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
DIALYSIS NEWCO, INC.


DAVID SARNOFF, State Bar No. 239363
dsarnoff@sarnofflaw.com
MARIA BOURN, State Bar No. 269322
mbourn@sarnofflaw.com
SARNOFF + SARNOFF
601 California Street, Suite 1300
San Francisco, CA 94108
Telephone:    415.788.0888
Facsimile:    415.788.0688

Attorneys for Plaintiff
JANET NECHALDAS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET NECHALDAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DIALYSIS NEWCO, INC., a Delaware Corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 4:15-cv-03322-EMC<br><br>**FIRST LOOK STIPULATION RE: DEFENDANT'S DEPOSITION SUBPOENAS**<br><br>Complaint Filed:  June 2, 2015<br>Trial Date:       February 13, 2017 |

IT IS HEREBY STIPULATED by and between Plaintiff Janet Nechaldas ("Plaintiff") and Defendant Dialysis Newco, Inc. ("Defendant"), through their respective attorneys of record, that the following Stipulation be entered as an Order by the Court to give effect to the stipulations set forth below:

1.      WHEREAS, Plaintiff filed a civil action on June 2, 2015 alleging claims for: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to provide reasonable accommodation in violation of the FEHA; (3) failure to engage in the interactive process in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) violation of the California Family Rights Act ("CFRA"); (6) retaliation in violation of CFRA; (7) failure to prevent discrimination and retaliation in violation of the FEHA; and (8) unfair competition in violation of Business and Professions Code section 17200 *et seq*.

2.      WHEREAS, Plaintiff's alleged disability and related claims are based in part on her carpal tunnel syndrome.

3.      WHEREAS, Plaintiff further alleges damages based upon symptoms of emotional distress as a result of Defendant's alleged unlawful conduct.  Plaintiff also alleges that her termination aggravated her previously existing diabetes.

4.      WHEREAS, on December 16, 2015, Plaintiff served initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, wherein Plaintiff identified the following medical providers as individuals likely to have discoverable information: Dr. Michael Carl Meehan (Kaiser Vallejo), Dr. Adrian Roxas Nguyen (Kaiser Vallejo), Mary Tong (Kaiser Vallejo), Spencer Wang (Kaiser Vallejo), and Dr. Marta Goicoechea (Kaiser San Diego).

5.      WHEREAS, based on Plaintiff's allegations and initial disclosure statement, Defendant issued subpoenas to Plaintiff's medical providers at Kaiser Vallejo and Kaiser San Diego on December 22, 2015, requesting the production of records related to any medical diagnosis, psychiatric diagnosis, counseling, treatment and/or examination of Plaintiff.  Attached hereto as **Exhibit A**, is a true and correct copy of Defendant's subpoenas.

6.      WHEREAS, on or around December 30, 2015, Plaintiff's attorneys objected to the timing of the subpoenas, on the grounds that they have a month long trial starting January 5, 2016.

Plaintiff's attorneys further objected to the scope of the subpoenas on the grounds that the subpoenas sought medical records that were neither directly relevant nor essential to the resolution of this action and therefore in violation of Plaintiff's right of privacy.  The Parties thereafter met and conferred at length to determine a mutually acceptable modification to the timing and scope of the subpoenas.

7.       WHEREAS, pursuant to Plaintiff's request and in accordance with this Court's prior Order in *Chaunci Boykin v. United Parcel Service, Inc.* (Case No. C-08-4870 MMC (EMC)), the Parties agreed to adopt a "first-look" procedure concerning the production of Plaintiff's medical records.  This procedure provided that the medical records would first be sent to Plaintiff's counsel. Counsel for Plaintiff would then review the produced records and deliver to Defendant all records to which she had no objection.  At the same time, Plaintiff would provide a "privacy log" for any withheld documents.  This privacy log was to include: (1) the page number of any page not produced; (2) the general nature of the information being withheld (i.e., sufficiently specific to allow meaningful argument by the parties and review by the Court in connection with any motion); and (3) the specific basis for Plaintiff's objections to producing the information being withheld.

8.       WHEREAS, Defendant directed its subpoena vendor, Nationwide Process Service Department, to deliver the medical records from Kaiser Vallejo and Kaiser San Diego directly to Plaintiff's counsel.

9.       WHEREAS, Plaintiff's counsel agrees to produce the medical records to Defendant's counsel on February 26, 2016.  At the same time, Plaintiff will provide a "privacy log" for any withheld documents as described above.

10.       WHEREAS, if Defendant's counsel contests any privacy objection or privilege asserted by Plaintiff, Defendant will serve by e-mail written objection to Plaintiff's counsel within five (5) days from receipt of any privacy log.

11.       WHEREAS, by stipulating to this procedure, Defendant does not waive its right to compel production of the subpoenaed documents.  Nonetheless, Defendant will agree by this stipulation to follow the procedure for resolving disputes related to the subpoenas covered by this stipulation that are described in Paragraph 13 below.

12.     WHEREAS, by stipulating to this procedure, Plaintiff does not waive her right to assert any privacy protection or privilege belonging to Plaintiff, Plaintiff's attorneys, or any third parties, except as provided in Paragraph 13 below.

13.     The parties agree to submit joint briefing on any dispute regarding production of subpoenaed documents covered by this stipulation, whether that be to the Court or the Court's assigned discovery facilitator.  The parties further agree that any documents in dispute will be submitted to the Court for *in camera* review.  Prior to submission or any such briefing, the parties must make a good faith attempt to meet and confer to resolve the dispute.

IT IS SO STIPULATED.


DATED: January 11, 2016                    SARNOFF + SARNOFF



                                           By:  */s/ Raven Sarnoff*
                                           RAVEN SARNOFF
                                           Attorneys for Plaintiff
                                           JANET NECHALDAS


DATED: February 23, 2016                   OGLETREE, DEAKINS, NASH, SMOAK &
                                           STEWART, P.C.



                                           By:  */s/ Rachel J. Moroski*
                                           GREGORY C. CHENG
                                           RACHEL J. MOROSKI
                                           Attorneys for Defendant
                                           DIALYSIS NEWCO, INC.

IT IS SO ORDERED:
_____
EDWARD M. CHEN
U.S. DISTRICT JUDGE



FIRST LOOK STIPULATION RE: DEFENDANT'S DEPOSITION SUBPOENAS